Matter of the Estate of CATHARINE A. TONE, Deceased.

(Surrogate's Court, New York County, May, 1918.)

Wills — construction of — meaning of " child " — charitable corporations — Decedent Estate Law, § 17.

The word " child " in section 17 of the Decedent Estate Law does not include a grandchild.

A will, by which testatrix who was not survived by a husband, parent or child gave more than one-half of her estate to charitable corporations, is a valid and effectual disposition of the entire estate, though she was survived by a grandchild.

PROCEEDING upon the probate of a will.

Daniel Daly, for proponent.

William C. Daly, for Catholic Church Extension Society.

Misc.]    Surrogate's Court, New York County, May, 1918.

Gillespie & O'Connor, for Church of Our Lady of Lourdes.

Abraham Greenberg, special guardian for Frederika Mary Tone, infant.

FOWLER, S. The testatrix gave more than one-half of her estate to charitable corporations. She was not survived by a husband, parent or child. She was, however, survived by a grandchild, and the special guardian of the grandchild contends that so much of the bequest to charitable organizations as exceeds one-half of her estate is invalid. The contention necessitates a determination of the question whether the word " child " in section 17 of the Decedent Estate Law includes grandchild.

I have been unable to find an authoritative decision on this question. All the cases hold that the only person who can invoke the application of the statute is one who would be benefited by its enforcement (*Amherst College* v. *Ritch,* 151 N. Y. 334; *Decker* v. *Vreeland,* 220 id. 326); therefore a grandchild could not, during the life of his parent, take advantage of the statute. There does not seem to be any good reason why the death of his parent should give him any additional rights in this respect. While a grandchild may be the natural object of his grandparent's bounty to practically the same extent as the parent of such child, the statutes do not recognize that natural right of the grandchild or obligation of the grandparent; for if a person dies intestate, leaving children and grandchildren, the latter do not participate in the estate unless their parent (the child of the intestate) is dead, and then only as the representatives of the deceased parent. I am inclined to think, therefore, that the word " child ": in section 17 of the Decedent Estate Law was not intended by the legislature to

embrace within its signification " grandchild," and that the will of the testatrix makes a valid and effectual disposition of her entire estate. There is, however, I concede, much to be said for a contrary view.

Decreed accordingly.